IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(BALTIMORE DIVISION)

| | | |
|---|---|---|
| KRISTI HUNT<br>517 Rust Street<br>Seaford, Delaware 19973 | *<br><br>* | |
| Plaintiff | * | Case No.:  1:20-cv-2489 |
| v. | * | |
| UNITED STATES OF AMERICA | * | |
| SERVE ON:<br>Civil Process Clerk<br>Office of the Attorney General<br>U.S. Department of Justice<br>950 Pennsylvania Avenue, NW<br>Washington, DC 20530-0001 | *<br><br>*<br><br>*<br><br>* | |
| and | * | |
| Civil Process Clerk<br>United States Attorney for the<br>District of Maryland<br>6406 Ivy Lane, Suite 800<br>Greenbelt, MD 20770 | *<br><br>*<br><br>* | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, by and through her attorneys, Roy L. Mason, Zachary E. Howerton, and the law offices of Smouse & Mason, LLC, hereby sues Defendant, and for cause states:

**INTRODUCTION**

1. This is an action against Defendant United States of America under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346 and 2671, *et seq.*, for injuries suffered by the Plaintiff arising from an ice-skating incident on February 23, 2019, caused by the negligence of the

1

actual and/or apparent agents, servants and/or employees of the Brigade Sports Complex on the grounds of the United States Naval Academy, acting as actual and/or apparent agents, servants and/or employees of the Defendant within the scope of their agency or employment.

2. Plaintiff has fully complied with the provisions of 28 U.S.C. § 2401(b) and 28 U.S.C. § 2675 of the FTCA by presenting her claim, on February 12, 2020, to the United States Department of the Navy.

3. In her Administrative Claim, Plaintiff submitted Standard Form 95, signed by the Plaintiff.

4. In her Administrative Claim, Plaintiff submitted the Affidavit of Kristi Hunt, in which she authorized Smouse and Mason, LLC to assert the claim on her behalf.

5. In her Administrative Claim, Plaintiff submitted the General Liability Incident Report completed by Sean Woolums of the Brigade Sport Complex. This form identifies the incident location as the Brigade Sports Complex on the grounds of the United States Naval Academy.

6. Plaintiff also submitted the National Fire Incident Reporting System Report and the Naval Support Activity Annapolis Fire Department Comprehensive Report, both created by Kirk Prinsen, the paramedic. Both reports detail the medical attention the Plaintiff received on the scene.

7. In her Administrative Claim, Plaintiff submitted copies of her medical records and bills for treatment as of July 23, 2019, for the injuries sustained in the ice rink accident, including the Anne Arundel Medical Center Emergency Department records, which indicate that the Plaintiff suffered a spiral fracture involving the distal tibial shaft of her right leg; the disk containing the February 23, 2019 Anne Arundel Medical Center imaging studies; the

February 26, 2019 to May 21, 2019 Bayhealth Medical Center records; February 26, 2019, February 27, 2019, March 12, 2019, April 9, 2019, and May 10, 2019 Bayhealth Diagnostic Imaging Reports and the discs containing the imaging studies; May 10, 2019 to January 16, 2020 Bayhealth Medical Center records; and the July 23, 2019 Bayhealth Diagnostic Imaging Report and the disc containing the imaging studies.

8. The Department of the Navy confirmed receipt of the Plaintiff's Administrative Claim in correspondence dated February 24, 2020.

9. As of the date of this filing, more than six months has passed since the claim was filed on February 12, 2020, and the Department of the Navy has failed to make a final disposition of the claim. Thus, at her option, pursuant to 28 U.S.C. § 2675, Plaintiff has deemed the failure of the agency to make a final disposition a final denial of her claim.

## PARTIES, JURISDICTION, AND VENUE

10. Plaintiff is, and at all times relevant hereto was, a resident of Sussex County, Delaware.

11. Defendant United States of America, through the Department of the Navy, operates the United States Naval Academy located in Annapolis, Maryland. The Brigade Sports Complex, located on the grounds of the Naval Academy, a U.S. Naval Installation, is a sports facility in support of the Brigade of Midshipmen, the Midshipmen sports teams that use the facility, and authorized patrons using the facility. The McMullen Hockey Arena, an Olympic size ice sheet in the Brigade Sports Complex, is open to the community and offers public skating sessions.

12. The ice-skating accident at issue and the negligent actions of the Defendant's actual and/or apparent agents, servants and/or employees giving rise to this action occurred in Anne Arundel County, Maryland. At the time of the accident, Defendant's actual and/or apparent

agents, servants and/or employees were acting within the scope of their employment with the Defendant.

13. Jurisdiction is proper under 28 U.S.C. Section 1346(b)(1) because this is a civil action against the United States for personal injury arising out of conduct of a United States employee(s).

14. Venue is proper under 28 U.S.C. Section 1402(b) in that all or a substantial part of the acts and omissions forming the basis of this action occurred in the Northern District of Maryland.

## FACTS COMMON TO ALL COUNTS

15. On February 23, 2019, at approximately 5:30 p.m., Kristi Hunt, while lawfully and properly on the premises, was ice skating with her children, her 20-year-old son, Evan, and 13-year-old daughter, Chloe, at the McMullen Hockey Arena in the Brigade Sports Complex on the grounds of the United States Naval Academy.

16. Suddenly and without warning, the blade of Ms. Hunt's ice skate became lodged in a deep divot in the ice, causing her skate to stop suddenly, twisting her body and causing fractures in the tibia, fibula, and ankle of her right leg.

17. The Brigade Sports Complex General Liability Incident Report indicates that Ms. Hunt was injured immediately before the ice was treated, demonstrating knowledge by the Brigade Sports Complex personnel that the ice required treatment in order to remain a safe place to skate.

18. The Brigade Sports Complex owed a duty to Ms. Hunt, as a business invitee, to inspect the ice before the skating rink was open to the public for skating and to constantly monitor the conditions of the ice to maintain the ice rink safe for skating. As such, the Brigade Sports

Complex personnel operating the rink were on notice, either constructive or actual, that the rink ice was not safe for ice skating on the day of the incident.

19. The Brigade Sports Complex personnel knew or should have known about the dangerous condition that existed on its skating rink surface that caused Ms. Hunt to fall, and not only failed to properly inspect and maintain the skating rink surface, including performing appropriate repairs, so as to furnish to patrons such as Ms. Hunt a safe skating surface free from hazards which were known by or should have been known, but failed to warn her of this dangerous condition.

20. The Brigade Sports Complex negligently failed to exercise reasonable care in the maintenance of a safe skating surface, failed to maintain the premises in a safe condition, failed to properly supervise its patrons, and failed to warn of dangers. The acts and/or omissions of the Brigade Sports Complex personnel were committed within the scope of their agency and employment with the United States Naval Academy, in that they committed and/or omitted them while on duty and in furtherance of the interests of the United States Naval Academy.

21. Prior to the fall, Ms. Hunt was acting reasonably and could not have reasonably noticed the dangerous condition as there was no sign, no warning, nor visible indication of the dangerous condition. Accordingly, Ms. Hunt in no way contributed to the cause of this accident.

22. Solely as a result of the negligent failure of the Brigade Sports Complex personnel to properly inspect and maintain the premises in a safe condition, warn of dangers, and repair the dangerous condition on its skating rink surface, Ms. Hunt was caused to fall and sustain severe and permanent personal injuries.

23. Immediately after the fall, Ms. Hunt was transported emergently by the U.S. Naval Academy Fire Department to Anne Arundel Medical Center. In the emergency department, X-rays revealed a distal tibia spiral fracture and comminuted spiral fracture within the proximal fibula. She was placed in a hard cast and discharged for follow-up with an orthopedic surgeon when she returned home to Delaware.

24. On February 26, 2019, Ms. Hunt saw Dr. Pilkington of Bayhealth Medical Center, who also identified a fractured ankle. He scheduled surgery for a right tibial shaft fracture and a right posterior malleolar fracture.

25. On February 27, 2019, Dr. Pilkington performed an open reduction and internal fixation ("ORIF") with intramedullary rod placement in the tibia and ORIF of the posterior malleolar fracture. In his operative report, Dr. Pilkington noted that Ms. Hunt had stretch neuropraxia of the right superficial peroneal nerve. She was discharged on February 28, 2019, with a controlled ankle movement boot to begin in-home and then out-patient physical therapy.

26. As a result of her injuries, Ms. Hunt, who is employed as a supervisor for the communications department at Bayhealth Medical Center in Dover, Delaware, was out of work from February 25, 2019 until March 15, 2019. She completed physical therapy on May 22, 2019.

27. However, the problems with her leg persisted and Ms. Hunt was informed that she would have to undergo a second surgery to remove the hardware in her leg. On July 1, 2020, Ms. Hunt underwent a second surgery in which the hardware from her right leg was removed. Additionally, she had a follow up ultrasound that showed the presence of a blood clot and she was placed on blood thinners. As a result, Ms. Hunt again missed time from work.

28. Currently, Ms. Hunt experiences pain in her leg on a daily basis. She experiences pain that shoots from the toe through her foot and up her leg, which her doctor has informed her is neuropathic pain likely caused by the stretched nerve. Even on good days when her leg pain is tolerable, it is still present. Her right leg never feels the same as her left. She has been told that she now has an increased risk of developing arthritis.

29. Prior to the accident, Ms. Hunt was extremely physically fit, working out at the gym four to five times per week. She would exercise regularly on an elliptical machine and lift weights, particularly performing squats. However, as a result of the accident she is no longer able to exercise at that capacity or perform lower body lifts. When Ms. Hunt tries to jog, she experiences sharp pain and is forced to stop.

30. In addition, prior to the accident, Ms. Hunt enjoyed spending time with her children through zip lining, playing corn hole, jump roping, working out, going on long walks, and practicing volleyball with her daughter. As a result of the accident, Ms. Hunt is no longer able to perform the activities she loves. If she and her family go anywhere that requires a great deal of walking, by the end of the day, Ms. Hunt's ankle and knee are swollen and require ice or heat. She is also unable to fully practice volleyball with her daughter. Instead, she must stand in one place and simply pass the ball to her daughter because the bending and twisting of her ankle causes swelling and pain. Ms. Hunt's quality of life has been significantly impacted, including her relationships with her children.

## COUNT ONE – NEGLIGENCE

31. Plaintiff hereby incorporates by reference all preceding paragraphs as if fully set forth herein.

32. As a business invitee, the Brigade Sports Complex owed Ms. Hunt the highest duty to use reasonable care to ensure that the skating rink was safe for use.

33. The Brigade Sports Complex, acting through its actual and/or apparent agents, servants and/or employees, breached the duty of care owed by failing to properly inspect and maintain the skating rink surface, including performing appropriate repairs, so as to furnish Ms. Hunt a safe skating surface free from hazards which were known or should have been known, and by failing to warn her of this dangerous condition.

34. At all times relevant hereto, the Brigade Sports Complex personnel were acting as the actual and/or apparent agents, servants and/or employees of the United States Naval Academy, operated by the Defendant through the Department of the Navy, and acting within the scope of this agency and/or employment, and performing services for which they were engaged and likewise acting in furtherance of the interests of the United States Naval Academy.

35. As a direct and proximate result of the breaches of the duty of care owed by the actual and/or apparent agents, servants and/or employees of the Brigade Sports Complex, acting within the scope of their agency and/or employment, Ms. Hunt was caused to sustain serious, painful and permanent injuries to her person, in addition to other injuries, physical and otherwise.

36. As a direct and proximate result of the aforesaid personal injuries, Ms. Hunt has been damaged as follows:

    a. She has suffered and will continue to suffer considerable physical and emotional pain and suffering;
    b. She was obligated to obtain and continues to be obligated to obtain hospital and medical care and treatment and thus, has incurred and will continue to incur substantial medical expenses;
    c. She has been prevented and continues to be prevented from engaging in her usual occupations, pastimes and pursuits in which she would have engaged but for the aforementioned injuries;
    d. She lost time and wages from her employment; and
    e. She was otherwise damaged.

37. The damages complained of above were directly and proximately caused by the negligence of the Brigade Sports Complex, acting as the actual and/or apparent agent and employees of the United States Naval Academy, operated by the Defendant through the Department of the Navy, without any negligence of the Plaintiff contributing thereto.  Absent the above-described negligence of Brigade Sports Complex, Ms. Hunt would not have experienced the above-described permanent injuries, pain and suffering, significant medical costs and treatment that she has undergone, and which will continue.

WHEREFORE, Plaintiff respectfully requests judgment against Defendant in an amount exceeding $75,000 in compensatory damages, pain and suffering, and such other relief as this Court deems just and proper.

Respectfully submitted,

SMOUSE & MASON, LLC

___/s/ Roy L. Mason_____
Roy L. Mason (Bar No. 00922)
Zachary E. Howerton (Bar No. 20688)
223 Duke of Gloucester Street
Annapolis, Maryland  21401
410-269-6620 (phone)
410-269-1235 (facsimile)
rlm@smouseandmason.com
zeh@smouseandmason.com

*Counsel for the Plaintiffs*

## **JURY DEMAND**

The Plaintiff herein demands that this matter be heard in front of a jury.

                                          */s/ Roy L. Mason*
                                      Roy L. Mason (Bar No. 00922)